The first case scheduled for oral argument this morning, Wednesday, December 17, 2025, 25-1033, 25-1034, and 25-1306 from Western Missouri, Jet Midwest International v. F. Paul Ohadi, et al. Barbara Smith Morning, Your Honors. May it please the Court, Barbara Smith from Bryan Cave for the Appellants. The background of this case is messy and complicated, but the legal issues before the Court on this appeal are discreet and straightforward. We do not challenge the merits of the underlying fraudulent transfer action. Those questions are final. Nor do we challenge that the other side is entitled to their reasonable attorney's fees that they expended for litigating that fraudulent transfer action. That, too, is final. The only legal questions this Court has to answer in this appeal are three discreet issues related to the calculation of those attorney's fees. Those questions are, one, whether expert witness fees may be included as a component of an attorney fee award. The answer to that question is no. Two, whether prejudgment interest may run on an attorney's fee award at 14 percent from the date an invoice is issued through the pendency of an appeal quantifying those awards. The answer to that is no. And three, did the district court abuse its discretion when it declined to enter a 1.5 times multiplier on the fee award at issue in this case? The answer to that question is also no. Starting with the first question, whether a district court may award expert witness fees as a component of an attorney fee award, there are several reasons a district court may not do that. First, in federal court, expert witness fees are considered costs, and costs are delineated by federal statute to exclude expert witness fees. So unless there was a contract between the parties or this cause of action had been brought under a federal civil rights statute allowing for the recovery of expert witness fees as costs, they are not available as a component of a cost award as a matter of federal law. The Supreme Court's ---- Breyer. During my time on the district bench, I saw from time to time the argument advanced that actually expert fees can be divided into sort of two buckets. One bucket is the witness is on the stand testifying about facts and rendering opinions about the facts of the case and testifying as to the merits, and that it's kind of universally understood that the rule prohibits the taxation of those expert witness fees as just expert fees that are prohibited by the rule. But there's another bucket of expert fees that has been advanced as being taxable under some circumstances, and that is the idea that an expert may also be retained for the purposes of providing advice and counsel to counsel so that the counsel may present their case. Most commonly, we see that in patent cases, you know, where they're saying, I've got an expert. I can't understand the engineering. I'm a patent trial lawyer, not a patent expert. And this witness has been retained to provide expertise for the purposes of preparing for trial. Now, as to that second bucket, do you have a position as to whether or not any of that happened in this case, number one? And number two, if it did, is there some manner in which that could be taxable in your view? I do have a position on that. I think even the other side agrees. This is how they framed the use of the experts in their own briefing, that experts were used here for purposes of proving their case on the fraudulent transfer action, not as consulting experts for the attorneys. And I don't think the question how the expert witness is used matters for purposes of the finding federal precedent on the scope of available costs as a matter of recovery of expert witness fees as costs in federal court. Now, that doesn't answer the separate question whether expert witness fees may be recoverable as a component of an attorney fee award. There, I think you have to look to the case law. The case law from the Supreme Court in the 1991 decision by Justice Scalia Casey makes clear that expert witness fees are in a separate bucket. He calls them distinct items of expense from an award of attorney's fees. So as a matter of federal law, expert witness fees are separately bucketed from attorney's fees. Would this be similar, though, to we have said non-taxable costs can be assessed like computerized research, if those are typically billed out to a client? Is that second bucket that Judge Erickson's identified, would that kind of expert fee fall more closely in line with that kind of an example? I don't think so. And I think this Court's prior decision in the previous appeal in this case decided the question that these expert witness fees cannot be recovered as costs. They can only be recovered, if at all, as a component of the attorney fee award. So I don't think the Court should decide that expert witness fees could be recoverable as a matter of costs because, as I've explained, it's federal statute that delineates the recoverability of costs in federal court. So both consistent with what you previously decided in this case on the scope of recoverable costs and with 28 U.S.C. 1821 and 1920, which delineate those costs, this cannot be a recoverable cost. But is there another way that it may be recoverable? And follow me just a little bit. This is a fraudulent transfer action, right? Yes. And that would be under Missouri law, right? Yes. And it would be an equitable action, basically, right? Fraudulent transfer actions are based in equity, yes. Okay. So isn't there a Missouri case, the Travelers case, that does award attorney's fees sort of when it's necessary – or not attorney's fees, expert fees – as part of attorney's fees when it's sort of necessary to make one side whole? There is no Missouri case that awards an expert witness fee as a component of an attorney fee award, and that includes Travelers. I actually think Travelers is particularly helpful to my argument here because what the Court of Appeals did in that case is affirm the award of what it called expert expenses, and it reversed on the award of expert fees. If the expert expenses were a component of an attorney fee award, those claims would have risen or fallen together. So the legal proposition the other side has to establish, because this can't be recoverable as a cost for all the reasons we've already explained, is that these expert fees are recoverable as a component of an attorney fee award either under federal or state law. There is no Missouri case allowing for the recovery of expert witness fees as a component of an attorney fee award. And I just want to take a step back and highlight how big a shift in the law that would be if you held otherwise. I can't imagine that litigating the scope of attorney fee awards are the types of appeals this Court enjoys hearing. But if you add to the scope of those types of appeals the question whether expert fees are likewise included in those awards, I think that the litigation over those types of awards will simply multiply. It really would be a sea change to say expert fees are a component of an attorney fee award. But it would still be under an abuse of discretion review. The award of the fee is subject to abuse of discretion. But I think the legal question, what constitutes a cost, is reviewed de novo. Well, to your point of the sort of a proliferation of litigation, if it were a component, if it were permissible, it would still be under an abuse of discretion from this Court, correct? The amount of the award is absolutely an abuse of discretion standard. And the components of the award can also be subject to an abuse of discretion standard. But it is an abuse of discretion to include within a fee award something that as a matter of law you cannot include. So whether you think it's a de novo standard of review or because it's a legal question whether this is a component of a fee award or not, or an abuse of discretion standard, I think we meet the test because it's an abuse of discretion to call something an attorney fee that is not, in fact, an attorney fee as a matter of Missouri or Federal law. And if I could just underscore that this is not permitted to be a recoverable attorney fee as a matter of Missouri law, one, the Cock-Lamond contracting case from 1981 expressly states that payments of expenses of litigation, including expert witness fees, are, quote, not recoverable as the fee of the attorney. So we have Missouri appellate precedent saying as a matter of Missouri law, expert witness fees are not recoverable as a component of attorney's fees. I think, likewise, if you look to Missouri's treatise on damages, defining the scope of recoverable attorney's fees, items recoverable as attorney's fees are, quote, fees payable to the attorneys for their time and commonly understood to meet the definition of attorney's fees. Expert witness fees are not fees payable to the attorney for their time. So the legal proposition the other side had to establish after remand from the first appeal in this case was whether expert fees could be recovered as a component of attorney's fees, Federal and State law both say no. I do think it's important to address the other two issues raised in this case, the scope of the pre-judgment interest award and the fee multiplier. On pre-judgment interest, what the district court did here is hold that pre-judgment interest applies indefinitely from the time a fee invoice is issued to a client through litigation on the merits, through quantification of the award, through appeal of that award to this court. And I think the Federal post-judgment interest statute, which requires a triggering date for the application of post-judgment interest in Federal court, says otherwise. It says once there's a, quote, money judgment entered, then Federal post-judgment interest has to apply. So the only question is when did a money judgment enter in this case? And this Court's Jenkins decision says a money judgment enters when the entitlement to fees is established, not when they're quantified. The entitlement to attorneys' fees was established here in March 2020. That decision, that decision has never been vacated. Attorneys' fees, the other side has been entitled to attorneys' fees from March 2020 up until today. So March 2020 should have been the triggering date for post-judgment interest. The decision to apply 14 percent pre-judgment interest from So you think the appeal had nothing, had no impact on it? I know that there, it wasn't a reversal of the fees, but it's, they had to calculate it under a different formula. Correct. The Court affirmed the entitlement to fees and vacated the, vacated and remount, or recalculation under the Lodestar method. Does it matter that it was, that vacated the basis for the entitlement? I don't think so, Your Honor, because the entitlement itself was affirmed. You are, that, the other side was entitled to fees, was affirmed, and Jenkins tells us it's the time at which the entitlement attaches, not the time at which the quantification occurs that a money judgment is entered. And I think if you look to your ResCap decision, it can provide some good guidance here. In that case, the trial court entered a $5.4 million merits judgment and an entitlement to fees, and then there was litigation on the quantification of those fees, and that order quantifying them occurred later in time. The trial court entered an order applying Minnesota's pre-judgment interest statute for that interim period between the merits decision and the fee quantification. This Court held that that was error, that it should have applied the post-judgment interest statute from the time at which it ordered the entitlement to the award, not the time at which it quantified them. In the slope order, you also directly addressed this question. That was a motion by a party to reconsider an order that had issued from this Court, and you expressly said that the portion of the order that was affirmed, post-judgment interest on that portion of the order should run from the original order date. I see I've eaten into my reply time. If I could reserve a little bit of time for rebuttal. Very well. Morning, Mr. Sant. Thank you. Jeffrey Sant for Jet Midwest International. This Court should affirm on interest because pre-judgment interest is discretionary, and post-judgment interest can't run from vacated orders. The Supreme Court in Hewitt and this Court in Heisel held vacated orders have no effect. Post-judgment interest runs from the new final judgment. This Court vacated the award based on contract and remanded based on equity. So both the award and its basis were eliminated. Nothing's left. Their position is unworkable. Does post-judgment interest start if at a hearing the judge says she should enter a fee award? What if she later says she's still thinking about it? It's unworkable. Defendants waived any claim there was a 2020 money judgment on fees. Back then, they told the Court the May 2020 orders, quote, are not final, are deficient, in that there is no monetary amount, end quote. In the original fee briefing, they said fees should be, quote, disallowed in their entirety. But do you agree that it is the point of entitlement and not the calculation, the ability to calculate it? Well, here the entitlement was also eliminated on appeal. Well, do you agree that those two, that it wouldn't have to be calculable, that it didn't have to be identified as a number at that point? No, Your Honor, because the case they cite, Jenkins, is not a Missouri state law case. It's a Federal question case. And state law in Missouri says it's entitlement. It is not entitlement. That's a Federal question case. All the cases they cite, Mathis, Copper Liquor, Jenkins, they're all Federal law questions. But Missouri state law on interest is what governs here. And all the Missouri law is on our side. So, again, a money judgment cannot be for $0. So if on appeal they said, which they did, all of it in its entirety should be disallowed, then they're saying there's no money judgment. It's only after the remanded award their appellate counsel, who's brilliant, newly asserted in a reply brief on bond release that there's a 2020 money judgment. That's the first time. That is waiver. Prejudgment interest is, quote, a matter for the trial court's discretion, end quote. That's the en banc Missouri Supreme Court in Acres. Another en banc Supreme Court, Catron, held interest may reflect equitable principles of fairness and justice. 14% is equitable. My client would have received 14% contractual interest from defendant's company, JMG. Well, is that really true? You know, I thought the contract that provided for the 14% was with other entities rather than the entities that are being held to pay the fees here. Right? I understand that the people are all sort of interlocked. But, you know, there is no contract that the appellants here have signed that would, in fact, obligate them to pay interest at 14%. Right? And that, to me, seems to be, you know, it's like Smith enters into a contract with Jones, and therefore we require, you know, Robinson to pay interest at 14%. That doesn't seem like the way the world usually works. Judge Erickson, you're absolutely right. I would refer you to two points. One is in your earlier opinion, the opinion that you were on the panel for, in that footnote you said JMG is still liable for the 14% interest. So that would have been paid to our client. But for the fact they, and this is undisputed, this was also affirmed by this Court, they stole every penny from JMG. The only reason we can't collect from JMG is because they stole the money through fraudulent transfers. So it's not a contractual basis. It's equity. And they have that equitable discretion. The Court has discretion to award us the amount we should have received, but for their misconduct. What about, though, the Leggett case? Didn't the Missouri Supreme Court still use the statutory 9% rate in an equitable case? Your Honor, it still required the use of that. Your Honor, the Supreme Court has held, and this Court in Joanne Howard has held, that courts have discretion in equitable cases. Joanne Howard is an opinion of this Court, the Eighth Circuit, interpreting the Missouri law on this. And that can only be reversed by an en banc panel of this Court. In Joanne Howard, this Court cited a string of cases, including the Missouri Supreme Court. So I don't see how this can be argued at all. Returning to Judge Erickson's question, further on that 14% point, 14% was in a contract with defendants' company. Yes. It's not defendants themselves. But what that shows is that it's the market rate. That was negotiated at arm's length between our side and their company. Both sides agreed 14% was the reasonable, appropriate market rate. And so that's another reason supporting 14% here. Now, returning to the point about how they stole money during the litigation. They stole money through interest payments to themselves. And they used 18% interest to make those fraudulent transfers based on fake loans. 14% is less than the 18% they used to steal cash. And they did that despite this Court enjoining asset sales. In secret emails, Defendant Woolley ordered JMG to sell everything. Quote, start focusing on selling assets. Quote, we will liquidate all the aircraft positions and it will receive my full attention. Defendants hid those emails and they lied to this Court when Judge Smith asked about it. My client paid $1 million bond for the injunction they breached. Defendants proposed giving us not one, but 0.1% interest. They paid themselves 18 to 173% interest. This Court's vacant order said seven times defendants hindered and delayed. Their rate rewards this delay during high inflation years. Expert fees. First, Judge Erickson, who has been on other panels in this appeal process, is right. The experts also assisted, in fact primarily assisted, in helping to understand what was happening. I'll give one example. I can give as many as the Court likes. The aviation expert analyzed the foreclosure list of assets to find that most of those assets that they were foreclosing on had been concealed from the bankruptcy court and concealed in post-judgment discovery. That was not a testifying expert. That was analyzing lists of assets to find what had been concealed, including parts from our aircraft. Now the Supreme Court says all litigation expense, including expert fees, may be awarded through inherent power. Goodyear held, quote, the Court may decide, for example, that all or a set percentage of a particular category of expenses, say for expert discovery, were incurred solely because of a litigant's bad faith conduct. So what is your best argument for the basis of these fees that the district court ordered? Well, first, Judge Erickson's point is correct. This can be because they were assisting us in acting as attorneys. So is that something then that would require an assessment of the local legal community and whether those are typically billed out to clients? We cite many cases holding expert fees, especially or allowing expert fees, especially in cases of bad faith or fraud. Well, would it require that kind of an assessment by the district court to determine that? The district court did. The district court specifically said that defendants forced us to hire each expert. Maybe I need to rephrase. We have said that sort of unusual types of billing through attorney's fees, like computerized research, that those could be included, but the district court needs to do an assessment of whether those are typically billed in the local community as attorney's fees. Is that your understanding of that case, case law? If the court relies on this position, then I believe the court has already met that standard by saying that, citing to a couple different cases, saying that because we included these expert fees as part of our attorney bills, and I point out the attorneys paid this in the first instance. So you think that the district court met that standard? Yes, Your Honor. Well, here's what has been kind of troubling me here at this point. I mean, what happened is that we said basically, I think the quote was, that on remand the court may determine whether these non-recoverable costs may be awarded as attorney's fees, kind of end quote, right? And what Judge Gaitan said in response to all that was, the court finds that even though the expert witness fees are generally not awarded as part of the attorney's fee award, they may be awarded in this case because Jet Midwest International billed the expert witnesses for Mr. Tolkoff and Mr. Yormack and Mr. DeSalvatore directly to their client, and it was the defendant's actions that forced the plaintiff to hire expert witnesses. And so really the only justification we have here is, well, we billed the expert costs directly to the client, which I think is a distinction that doesn't, I mean, that happens in every single case. I mean, I was a plaintiff's lawyer before I was a judge. I mean, that's a pass-through expense that everybody does, so that can't be the basis for making these things attorney's fees, just merely billing them. And so it's got to be that their conduct somehow forced the plaintiffs to hire an expert witness. Now, that's an argument that can be advanced in almost every case, right? And so without creating an exception that says that, okay, we're going to tax expert witness fees as a cost in every single case, what's the limiting principle there? Because I keep looking at it saying, I mean, you don't have to be, as my mother used to say, a Philadelphia lawyer to figure out how to make that bill be recoverable. I think it's very easy here, Your Honor. It's the bad faith rule that was applied in Chambers, applied in Goodyear, and it's applied in Travelers. It's applied consistently. When I cited Travelers, Ms. Smith said that actually supports her. I'm not surprised. She's a brilliant lawyer, but unfortunately for her, Travelers awarded expert fees where the expert proved the document was fake. The difference here — Sure. She said it was just expenses, not fees. They only awarded that work because they found that otherwise the litigation was in good faith. So only that expert was awarded. Here, the whole thing was in bad faith. District court found it twice. This court affirmed bad faith throughout constant misconduct. I would also point out that Chambers, Goodyear, after Crawford, allowed all expert fees if needed. As I quoted from Goodyear, Chambers says, quote, if neither the statute nor the rules are up to the task, the court may safely rely on its inherent power, end quote, and said that because literally everything the defendant did, his entire course of conduct, was part of a sorted scheme, that all of it could be awarded. Mr. Sant, on the 14 percent question, when I raised Leggett, Ms. Smith responded with Joanne Howard. What's your response to that? Joanne Howard supports us. Joanne Howard says that it's absolutely appropriate to — the rate of prejudgment interest in Missouri is discretionary in Joanne Howard. It's cited to decisions such as Boyle v. Krim, the Missouri Supreme Court. Look, if this court does reverse on experts, then a multiplier is needed to compensate these amounts, which were lost to fraud. They were caused by fraud. May I wrap up? I see I'm out of time. This court should enter a multiplier because defendants defrauded this court. In bold and italics, they told this court there's just one e-mail between Woolley and JMG. They later admitted there were literally thousands. They sought reversal from this court based on a lie, and they violated this court's injunction. They defrauded this court. They defrauded five courts. This court experienced it. This court should enter the multiplier. Thank you, Mr. Sam. Thank you. As I suggested in my opening, I don't want to get into the merits of the underlying fraud because we do not challenge them, but I do have to correct the statement that there was any fraud on this court. This court never entered an injunction in this case. The injunction was entered by the district court. If you want to understand the full context of that statement, I would encourage you to listen to the oral argument from the previous appeal. Judge Colleton weighs in to point out that the bond was eventually released in that case, so assets could be sold. All of that is beside the point. I just want to underscore there was not a fraud on this court. I'm not challenging the underlying fraudulent transfer actions. I just think that that's important to clarify. Federal law governs post-judgment interest, not State law. That's why this court held in Res Cap that the district court had erred by not entering Federal post-judgment interest from the time it entered an award of fees, rather than waiting until it had quantified those fees. That is a Federal, not a State, law question. The triggering date for post-judgment interest is the time at which the fee is awarded. That's also a Federal law question. And it was error for the trial court to award pre-judgment interest indefinitely here. I think there was a little bit of confusion in the argument from my friend on the other side on when and whether and to what extent this court can consider the facts of the fraud as part of the fee award. And I'd like to be really clear about where those facts are accounted for in the judgment below. They are accounted for in the Lodestar analysis. All of the 11,000 hours that the lawyers on the other side had to expend to uncover and prove the fraud are the hours for which they're compensated. The district court didn't abuse its discretion by saying, I accounted for all of the bad, horrible facts of the fraud in this case in the award of fees itself, and for that reason, I'm not entering a multiplier. In fact, it would have been error for him to hold otherwise, because Federal and Missouri law are both clear that you can only use a multiplier to compensate an attorney, not to punish the payer of the fee award. So that's my argument on the scope of the multiplier and the use of the fraud findings for purposes of not entering the 1.5 times multiplier. I think you similarly can't impose a 14 percent punitive pre-judgment interest rate, particularly, Judge Erickson, as you pointed out, if the only thing the district court points to is the fact that there was a contract between unrelated parties that would have allowed for that recovery. Congress has decided in the post-judgment interest statute that the post-judgment interest rate it, Congress, has set accurately compensates parties for the time between when a judgment is entered and when it's ultimately paid. So I don't think that there's any free-floating equitable discretion to adjust that rate, and particularly not for the reason that the district court did here. So I think the entry of pre-judgment interest indefinitely is error, and separately the application of the 14 percent rate is error when it comes to the scope of the pre-judgment interest award. If there are no further questions, we'd ask that the Court affirm as to the decision not to enter a multiplier and reverse as to the entry of expert fees as attorney's fees and the award of 14 percent pre-judgment interest indefinitely. Thank you. Thank you, Counsel. We appreciate your, what is this, third or fourth visit. So your case is submitted and we'll issue an opinion in due course. You may be excused.